**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ZACHARY RACKOVAN, | No. 4:25-CV-00603 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| THE PENNSYLVANIA STATE UNIVERSITY, | |
| Defendant. | |

**MEMORANDUM OPINION**

**MARCH 4, 2026**

## I.   BACKGROUND

Plaintiff Zachary Rackovan ("Plaintiff") filed a first amended complaint against The Pennsylvania State University ("Defendant") seeking recovery for four counts of religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951–963 ("PHRA").[1] Specifically, Plaintiff claimed that Defendant's vaccine policy and testing accommodations related to the COVID-19 pandemic both violated Plaintiff's rights under Title VII and the PHRA.[2]

Defendant filed a motion to dismiss Plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[3] The Court granted

---

[1]   Doc. 16 (First Amend. Compl.) at Counts I, II, III, and IV. Plaintiff voluntarily amended his first complaint after the filing of a motion to dismiss without Court order.

[2]   *Id.*

[3]   Doc. 19 (Mot.).

Defendant's motion in part, allowing Plaintiff's claims to proceed as related to Defendant's vaccine policy but granting Defendant's motion to dismiss as related to Defendant's testing accommodation.[4] The Court held that Plaintiff had not pled a religious objection to the testing accommodation, and that, therefore, Plaintiff had not stated a valid failure to accommodate claim for that policy.[5] I also dismissed Plaintiff's wrongful termination claims under each count.[6] Plaintiff was provided leave to amend.[7]

After Plaintiff filed his second amended complaint,[8] the United States Court of Appeals for the Third Circuit issued its opinion in *Federoff v. Geisinger Clinic*, clarifying the law and reversing in part two prior decisions of this Court.[9] Defendant filed a new partial motion to dismiss Plaintiff's second amended complaint for failure to state a claim under Rule 12(b)(6), seeking specifically to dismiss counts III and IV.[10] Defendant's motion is granted with prejudice.

## II.    LAW

### A.    Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted."

---

[4]    Doc. 27 (Memo.).
[5]    *Id.* at 10-11.
[6]    Doc. 27 at 7.
[7]    *Id.* at 14.
[8]    Doc. 29 (Second Amend. Compl.).
[9]    No. 24-2844, 2026 WL 195416, at *4-5 (3d Cir. Jan. 26, 2020) (reversing in part *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022) and *Federoff v. Geisinger Clinic*, 571 F. Supp. 3d 376, 392 (M.D. Pa. 2021)).
[10]    Doc. 30 (Mot.); Doc. 31 (Br. in Supp.) at 6.

Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[11] and *Ashcroft v. Iqbal*,[12] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[14]

### B.    Facts Alleged in the Second Amended Complaint

The facts as pled have largely been recited in the prior Memorandum Opinion, Doc. 29, and shall not be recited duplicatively here. In addition to the facts as pled in the first amended complaint, the second amended complaint has added the following relevant facts.

Plaintiff's religious beliefs require that childbirth occur at home, and forbid Plaintiff's family from receiving any vaccines.[15] Plaintiff homeschools his children to "align with divine principles of upbringing and instruction," and "Plaintiff's religious

---

[11]    550 U.S. 544 (2007).
[12]    556 U.S. 662 (2009).
[13]    *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[14]    *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[15]    Doc. 29 at ¶¶ 35-36.

beliefs direct him and his family to follow God's wisdom and guidance, as opposed to fear, in making decisions in all aspects of their lives."[16]

Specifically in regards to the testing accommodation, Plaintiff has newly pled that he "holds a religious belief that he must honor the Lord with his mind, body and soul, and based on that Biblical directive, he is forbidden to engage in medical testing without an apparent medical justification," and that weekly testing "without a medical justification" would "go against his religious belief in sanctification, which is the act of separation from that which is evil and of dedication unto God." [17]

Plaintiff additionally pleads that "[w]eekly testing for a fully remote worker is an unreasonable burden on an employee with no valid nexus to the accommodation for vaccination" and that requiring as much is "arbitrary and unjustified."[18]

## C.    Analysis

Failure to accommodate claims under Title VII and the PHRA require the same analysis and may be considered jointly, requiring Plaintiff to plead the applicable elements that 1) the employee sincerely holds a religious belief that conflicts with a job requirement; 2) the employee informed the employer about the conflict; and 3) the employer disciplined the employee for failing to comply with the conflicting requirement.[19]

---

[16]    *Id.* at ¶¶ 37-38.
[17]    *Id.* at ¶¶ 52-54.
[18]    *Id.* at ¶¶ 68-69.
[19]    *Wilkerson v. New Media Tech. Charter Sch.*, 522 F.3d 315, 318-19 (3d Cir. 2008)

Determining whether a belief is religious in nature is a "most delicate question."[20] "While no court should inquire into the validity or plausibility of a plaintiff's alleged beliefs, it is nonetheless incumbent upon the court to ensure that the alleged beliefs are rooted in a plaintiff's religion and are entitled to the broad protections guaranteed thereunder."[21] Secular ideas cannot be transformed into a religious belief by cloaking "all of life's activities" with "religious significance."[22] Courts must differentiate between "those whose views were religious in nature and those whose views were essentially political, sociological, or philosophical."[23] "[T]he very concept of ordered liberty precludes allowing [a plaintiff], ... a blanket privilege to make [their] own standards on matters of conduct in which society as a whole has important interests."[24]

In this circuit, to determine whether a belief is religious in nature, courts look to the three *Africa v. Pennsylvania* factors: whether the belief (1) "address[es] fundamental and ultimate questions having to with deep and imponderable matter," (2) is "comprehensive in nature," and (3) is "accompanied by certain formal and external signs."[25] For beliefs to be "comprehensive in nature," they must be more than "isolated,

---

[20]   *Africa v. Pennsylvania*, 662 F.2d 1025, 1031 (3d Cir. 1981).
[21]   *Gray v. Main Line Hospitals, Inc.*, 717 F. Supp. 3d 437, 446 (E.D. Pa. 2024) (internal quotations omitted).
[22]   *Id.* (internal quotations omitted).
[23]   *Fallon v. Mercy Catholic Med. Ctr. Of Southeastern Pa.*, 877 F.3d 487, 490 (3d Cir. 2017) (internal quotation omitted).
[24]   *Africa*, 662 F.2d at 1031 (internal quotation omitted).
[25]   *Fallon*, 877 F.3d at 491 (quoting *Africa*, 662 F.2d at 1030, 1031).

unconnected ideas" and cannot be "generally confined to one question or moral teaching."[26]

Once the failure to accommodate factors are established, the burden shifts to the employer to show that it either made a "good-faith effort to reasonably accommodate the religious belief," or that "an accommodation would work an undue hardship upon the employer and its business."[27] The Third Circuit's recent *Federoff* opinion clarified this point: "[a]n unreasonable accommodation of religion may be demonstrated through two means. The accommodation may be unreasonable because it offends a sincerely held religious belief or practice . . . [or] the accommodation may be unreasonable under the circumstances."[28] Accordingly, if a plaintiff has met the aforementioned elements demonstrating a religious objection to the underlying policy, he need not prove that his objection to the accommodation is additionally religious in nature, merely that it was unreasonable under the circumstances.[29]

Here, Plaintiff pleads two separate, independent counts of failure to accommodate regarding the testing policy.[30] However, the testing policy is also intertwined with the vaccine policy, as the testing policy was an accommodation to the vaccine policy.[31] Accordingly, there are two avenues of analysis regarding the testing

---

[26] *Gray*, 717 F. Supp. 3d. at 446-47 (quoting *Africa*, 662 F.2d at 1035) (internal quotation omitted).

[27] *Equal Employment Opportunity Comm'n v. GEO Group Inc.*, 616 F.3d 265, 271 (3d Cir. 2010); *Federoff*, 2026 WL 195416, at *4.

[28] *Federoff*, 2026 WL 195416, at *4.

[29] *Id.*

[30] Doc. 29 at Counts III, IV.

[31] Doc. 29 at ¶ 47.

policy: whether Plaintiff has plausibly pled that the testing policy was an unreasonable accommodation to the vaccine policy, and whether Plaintiff has plausibly pled the testing policy as an independent avenue to relief.

I'll address the former first, briefly. As I previously held in my prior Memorandum Opinion, Plaintiff has stated a plausible claim for relief for his failure to accommodate claims related to the vaccine policy.[32] Given the Third Circuit's guidance in *Federoff*, this is even more true now, as Plaintiff need not prove an objection based in religion to show that an accommodation was unreasonable.[33] Granting a motion to dismiss under Rule 12(b)(6) would be improper at this stage, as Plaintiff has pled sufficient facts to plausibly render the testing policy an unreasonable accommodation to the vaccine policy. Specifically, Plaintiff has alleged that he worked fully remotely, and that there was therefore no need for him to test weekly when he would not be coming into contact with Defendant's other employees, students, or personnel.[34] Accordingly, "at the pleading stage, these allegations suffice" for Plaintiff's claims related to the vaccine policy, and the testing policy insofar as it functioned as an accommodation, to survive.[35]

Turning now to Plaintiff's standalone claims of failure to accommodate related to the testing policy, Defendant's motion to dismiss will be granted with prejudice. The

---

[32]    Doc. 27 at 12-14. Accordingly, Defendant quite properly did not move to dismiss the claims related to the vaccine policy.

[33]    *Federoff*, 2026 WL 195416, at *5.

[34]    Doc. 29 at ¶¶ 68-69.

[35]    *Federoff*, 2026 WL 195416, at *5.

additional facts as pled are insufficient to change my prior analysis, as Plaintiff's claims fail to qualify as a religious belief.[36] Plaintiff's second amended complaint adds that Plaintiff's religion directs him to avoid living in fear and to avoid coming into contact with evil, which Plaintiff has defined as including medical testing "without an apparent medical justification."[37]  However, these additional statements do not address the deficiencies that my prior analysis has enumerated.[38] Plaintiff's objection remains overbroad, akin to a "divinely granted right to pick and choose" what qualifies as evil and what does not.[39] Indeed, Plaintiff argues that "his faith forbids him to participate or come into agreement with any aspect of the lies of the COVID agenda."[40] This is the epitome of a belief that is "political, sociological, or philosophical" as opposed to religious in nature.[41] "Allowing Plaintiff the ability to object to anything that 'goes against God's will' or [Plaintiff's] 'conscience' would amount to the type of 'blanket privilege' that does not qualify as religious belief under *Africa*."[42]

---

[36] As such, I do not address parties' second argument regarding whether Plaintiff adequately informed Defendant of his beliefs.

[37] Doc. 29 at ¶¶ 38, 52-54.

[38] Doc. 27 at 10-11.

[39] *Ulrich v. Lancaster Gen. Health*, No. 22-4945, 2023 WL 2939585, at *4 (E.D. Pa. Apr. 13, 2023). This is evident from Plaintiff's claimed religious objection itself, which refers to the lack of medical justification or symptoms as reasons why Plaintiff should avoid testing. Instead of a comprehensive avoidance of medical treatment, he asserts a right to pick and choose what medical treatment is necessary and what would be "evil." Such an objection need not be credited as religious in this circuit.

[40] Doc. 32 (Br. in Opp.) at 3.

[41] *Fallon*, 877 F.3d at 490.

[42] *Caruano v. Bayhealth Medical Center, Inc.*, 714 F. Supp. 3d 461, 469 (D. Del. 2024) (quoting *Africa*, 662 F.2d at 1031).

Similarly, Plaintiff's additional pleadings that his family is to be homeschooled, children are to be born at home, and his family is to avoid vaccines do not tie his religious beliefs to his objection to the testing policy specifically. While they may show, as I previously held, the religious nature of his objection to the vaccine policy and imbibing pharmaceuticals, the pleadings do not provide information sufficient to move Plaintiff's objections to the nasal swab into the religious category.[43] Instead, Plaintiff's pled objections to the testing policy attempt to cloak secular, medical beliefs with religious significance.[44] At the very least, Plaintiff's objections remain more similar to "isolated moral teaching[s]" than part of the Christian "comprehensive system of beliefs about fundamental or ultimate matters."[45] Additionally, Plaintiff's new pleadings that he "holds a religious belief that . . . he is forbidden to engage in medical testing without

---

[43] *See McDowell v. Bayhealth Med. Ctr.*, No. 24-1157, 2024 WL 4799870, at *1-2 (3d Cir. Nov. 15, 2024) (holding that "the 'mere possibility' that Plaintiffs' religious beliefs informed their objections to the vaccine" was insufficient to state a claim) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

[44] *See Africa*, 662 F.2d at 1035. Indeed, Plaintiff repeatedly refers to Plaintiff's perceived lack of medical justification for the testing. Doc. 29 at ¶¶ 52, 53, 54, 62. Courts have held that medical beliefs do not qualify as religious under the *Africa* factors. *See Caruano v. Bayhealth Medical Center, Inc.*, 714 F. Supp. 3d 461, 469 (D. Del. 2024) (collecting cases); *see also United States v. Seeger*, 380 U.S. 163, 165 (1965) (concluding beliefs that are "essentially political, sociological, or philosophical views" are not religious). Plaintiff references repeatedly that testing for an illness "for which Plaintiff does not show any symptoms" would violate Plaintiff's religious order to live free from fear. *See, e.g.,* Doc. 29 at ¶ 59. However, the Third Circuit has established that such overbroad, generalized objections do not qualify as religious. *See McDowell*, 2024 WL 4799870, at *2-3 (holding similar objections, such as claims that one's body is a temple and must be treated well, would "broadly invo[ke] an overarching religious belief without directly connecting that religious belief to the objected-to employment term," and would impermissibly allow an employee a blanket privilege whenever he "invokes scripture.").

[45] *Ritter v. Lehigh Valley Health Network*, No. CV 22-4897, 2024 WL 643543, at *5 (E.D. Pa. Feb. 15, 2024).

an apparent medical justification" and that his "religious beliefs forbid him to submit to weekly testing without medical justification" are both conclusory statements that need not be credited.[46]

Moreover, the recent *Federoff* decision did not address the question of whether the objection at issue was indeed grounded in religion; rather, *Federoff* clarified that when a Plaintiff has stated a valid religious objection, the provided accommodation must be reasonable under the circumstances.[47] On the topic of religious nature, the precedent is clear.[48] Plaintiff's objection to the testing policy is not religious in nature and, therefore, does not change my prior analysis. Defendant's motion to dismiss is granted.

Leave to amend is denied. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[49] A complaint is "futile" if even, as amended, it would fail to state a claim upon which relief could be granted.[50] Although there is a "liberal pleading philosophy of the federal rules" no amendment will be permitted because another opportunity to plead a case would be futile for the reasons delineated above.[51]

---

[46] Doc. 29 at ¶¶ 52-53.

[47] *Federoff*, 2026 WL 195416, at *4-5 ("[Plaintiffs] do not allege that they have a religious objection to the nasal-swab accommodation. Nor can their religious objection be reasonably inferred . . . . But offense to religion is not the only ground upon which an accommodation may be unreasonable – the accommodation may be unreasonable under the circumstances.").

[48] *See, e.g., McDowell*, 2024 WL 4799870; *Africa*, 662 F.3d at 1035; *Seeger*, 380 U.S. at 165; *Fallon*, 877 F.3d at 491 n.14.

[49] *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

[50] *Id.*

[51] *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).

## III.    CONCLUSION

Defendant's motion to dismiss for failure to state a claim, Doc. 30, is granted

with prejudice as to Plaintiff's Counts III and IV.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge